Michael AMICO, Plaintiff,

v.

NEW CASTLE COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF DELAWARE, Commission On Adult Entertainment Establishments, an entity within the State of Delaware, Department of Administrative Services, Division of Business and Occupational Regulation, and the State of Delaware, Defendants.

Civ. A. No. 82–513.

United States District Court, D. Delaware.

Dec. 15, 1982.

Alfred J. Lindh of Lindh & Halberstadt, Wilmington, Del., for plaintiff; Lewis H. Robertson of Levy & Robertson, Asbury, Park, N.J., of counsel.

Jonathan B. Taylor and Brian A. Sullivan of New Castle County Law Dept., Howard M. Berg of Howard M. Berg and Associates, Wilmington, Del., for defendant, New Castle County.

John J. Polk, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for defendants, State of Del. and Commission on Adult Entertainment Establishments.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

In this action brought under 42 U.S.C. § 1983, the plaintiff contends that New Castle County Ordinance § 23–33 impermissibly burdens his first amendment rights and is therefore unconstitutional. Now before this Court is the defendant New Castle County's Motion for Dismissal based on ripeness and abstention grounds. A somewhat detailed recitation of the undisputed facts is necessary to an understanding of the issues involved.

The plaintiff, Michael Amico, desires to open an adult entertainment center in New Castle County, Delaware. At this adult entertainment center, the plaintiff intends to sell books, magazines, films and other sexually oriented materials. In addition, he intends to offer live entertainment of a sexually explicit nature. Towards this goal, in 1978 Amico leased the premises at 4010 North DuPont Highway. In December of 1978, the plaintiff applied to the Delaware Commission on Adult Entertainment Establishments to obtain a license to operate an adult entertainment center. On January 17, 1979, the Commission unanimously adopted an order denying the plaintiff's license application.

The State Commission denied the plaintiff's application because the plaintiff admittedly was not in compliance with New Castle County Ordinance 23–31(38) (later amended). This Ordinance provided:

> Massage parlors which provide services on and/off premises, adult bookstores and adult entertainment centers shall not be permitted within 500 feet of any property used solely for residential purposes or within 2800 feet of a school, church or other place of worship. No massage parlors, adult bookstores and/or adult entertainment centers shall be permitted within 1500 feet of one another.

The plaintiff admits, and New Castle County wrote to inform the Commission, that Amico's proposed adult entertainment center would be within 500 feet of property

used solely for residential purposes. In denying the plaintiff's application, the Delaware Commission believed that it could not issue a license unless the plaintiff demonstrated conformity with the applicable county regulations.

The plaintiff appealed the decision of the Commission to the Superior Court of Delaware. On February 23, 1981, the Superior Court in a letter memorandum by the Honorable Clarence Taylor reversed the Commission's decision, and ordered the Commission to grant Amico a license retroactively for the period between January 1979 and January 1980. Judge Taylor reasoned that under the Delaware Code, the Delaware Commission had no authority to deny an application for a license on the grounds that the proposed use would violate a county ordinance. Following Judge Taylor's rationale, it appears that at the time the Delaware Commission first heard Amico's application, the Commission was bound to issue the license. Amico, however, still could not open his adult entertainment center because it would have been in violation of New Castle County Ordinance 23–31(38). The license, retroactively granted by the Commission to cover the period between January 17, 1979 and January 16, 1980, was, in reality, a nullity. Therefore at no time has Amico been able to open for business.

While the plaintiff's case was before the Superior Court, two important changes were made in the applicable law. First, under 24 *Del.C.* § 1610(a),[1] any applicant seeking a license or renewal of a license for an adult entertainment store would have to establish affirmatively within the application that the location of the proposed store would be in compliance with all local rules and ordinances. In effect, after this change in state law, a proposed proprietor could not get a state license until he proved he was in compliance with county ordinances.

Second, on August 12, 1980, New Castle County adopted Ord. § 23–33 which reads in pertinent part:

(13) Massage parlors which provide services on and/or off premises, adult book stores and adult entertainment centers shall be permitted as follows:

(a) No such uses shall be permitted within 500 feet of any property used solely for residential purposes.

(b) No such uses shall be permitted within 2800 feet of a school, church or other place of worship.

(c) No such uses shall be permitted within 1500 feet of each others.

(d) Prior to initiation of such uses, special permit to operate such uses shall be obtained from the County Council. Council shall grant such a permit following a public hearing if it is determined the neighborhood uses will not be detrimentally affected by granting such a permit and the proposed use meets the distance requirements cited in Subsection 13(a), (b) and (c). Any person aggrieved by a decision of the County Council shall have the right of appeal to the Superior Court.

The difference between this ordinance and the ordinance in effect when Amico first applied for a Delaware license is that Ord. § 23–33 requires the applicant to apply for a special permit before a license may be issued.

Taken together, these two changes prevent Amico from renewing his retroactively granted license and opening his store in New Castle County until the New Castle County Department of Planning granted him the special permit specified in § 23–33(13)(d). Further, Amico then had to supply the State Commission with a Certificate of Compliance from the County stating that Amico was in conformity with County regulations.

Amico next made an application for a current license. At the hearing before the Delaware Commission on June 10, 1981, the

---

1. 24 *Del.C.* § 1610(a) reads in pertinent part:
   [E]ach applicant or licensee seeking a license or renewal must affirmatively establish within their application that the location or proposed location of the place of business is in compliance with all applicable laws and ordinances.

plaintiff's application was denied because Amico was not in compliance with New Castle County Ordinance 23–33 as was required by the recently amended 24 *Del.C.* § 1610(a). Between June of 1981 and May of 1982, the plaintiff tried various different ways to secure a license including direct negotiations with the State. When it became clear that these methods would not be effective, the plaintiff in May of 1982 once again renewed his application for a license with the Delaware Commission. On May 20, 1982, the Commission again informed the plaintiff that it would not consider his application until Amico furnished proof of compliance with County ordinances. Although Amico was aware that it would be impossible for him to demonstrate such compliance, he did make an application to the County for certification of compliance in June of 1982.

Amico's application to the County is the cause of much confusion. Part 5 of the "Application for Special Permit and/or Zoning Certification to Establish and Operate Massage Parlor, Adult Book Store, Adult Entertainment Center or Similar Use" asks the applicant if the proposed use for the premises was new or existing. If the premises was existing (the County defines "existing" to mean open for business) prior to application, the applicant would not need to seek a special permit under Ord. 23–33(13). Confusion arises because Amico in his application claims an "existing use." He appears to claim that the business license from the State of Delaware in 1979 constitutes an existing use.

On July 23, 1982, New Castle County responded to the plaintiff's application by asking for further information and by pointing out that existing use means open for business. The County stated that the Delaware License of 1979 only shows that the State issued a license, but does not demonstrate that an adult entertainment center was in operation. Consequently, the County asked for further clarification. On October 18, 1982, the plaintiff responded to the County's letter by supplying the requested information. The plaintiff further explained his claim for existing use by stating the following:

[T]he applicant has never opened his adult entertainment enterprise to the public as his application to the Commission on Adult Entertainment Establishments for a license therefore has never issued nor has it been renewed (except retroactively) purportedly because the operation of an adult entertainment center at the location in question would contravene New Castle County ordinances requiring that such uses be located 500 feet from property used solely for residential purposes. *See* New Castle County Ord. § 23–31(38); 23–33(13)(a).

On November 3, 1982, the defendant New Castle County responded to the plaintiff's letter of October 18th. Once again, the County stated that existing use means open for business. The County requested further information on the existing use issue without specifying exactly what possible information they needed that they did not already possess. At this time, the plaintiff has not responded to this last letter.

## RIPENESS

The defendant argues that because the plaintiff has not responded to its letter of November 3, 1982, the County is not in a position to act on the application for a certificate of compliance. Consequently, the County argues that this case in its present posture is not ripe for decision. This Court disagrees.

■ As an initial observation, an issue is more likely ripe for adjudication if the first amendment rights of the plaintiff are allegedly being infringed. *See Spartacus Youth League v. Board of Trustees of Illinois Ind. University,* 502 F.Supp. 789, 796–97 (D.C.Ill.1980). The central concern of an inquiry into ripeness is whether the case before the Court "involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." 13 Wright, Miller & Cooper, *Federal Practice and Procedure, Jurisdiction* § 3532 at 238. A ripeness inquiry appears to involve both a constitutional and a prudential analysis.

■ The first component is an analysis of the plaintiff's standing, *i.e.,* is a case or controversy presented. In the context of a challenge to a land use regulation, the test as set out by the Supreme Court is whether the plaintiff has alleged "specific, concrete facts demonstrating that the challenged practices harmed him and that he personally would benefit in a tangible way from the court's intervention." *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975).

■ It is clear that the plaintiff Amico satisfies this standing test. For four years Amico has attempted to open his adult entertainment center. According to the plaintiff's affidavit, he has spent a considerable amount of money for rent and upkeep during these four years without receiving any type of benefit. *See Village of Arlington Heights v. Metropolitan Housing Dev.Corp.,* 429 U.S. 252, 261–63, 97 S.Ct. 555, 561–62, 50 L.Ed.2d 450 (1977) (purely economic injury sufficient to confer standing). During these four years, the New Castle County ordinances preventing the placement of an adult entertainment center within 500 feet of a land used for residential purposes have prevented the plaintiff from opening his establishment (from December of 1978 to August of 1980, New Castle County Ordinance 23–31(38) was in effect; from August of 1980 to the present New Castle County Ordinance 23–33(13) was and still is in effect). Plaintiff certainly has been harmed by the county ordinance. Further, if this Court were to hold Ord. 23–33 unconstitutional, the plaintiff would be able to open his adult entertainment center. Consequently, the requirements of *Warth v. Seldin,* that the plaintiff demonstrate an injury and that this Court's actions could benefit the plaintiff, have been met.

■ The second component of the ripeness inquiry is the practical, prudential determination whether the clarity and concreteness of the issues and facts involved would improve if this Court waited before hearing the case. 13 Wright, Miller & Cooper, *Federal Practice and Procedure, Jurisdiction* § 3532 at 239. This is a determination that goes beyond the standing requirement imposed by Article III of the Constitution. *See Poe v. Ullman,* 367 U.S. 497, 502–03, 81 S.Ct. 1752, 1755, 6 L.Ed.2d 989 (1961) ("restriction of our jurisdiction to cases and controversies within the meaning of Article III . . . is not the sole limitation on the exercise of our appellate powers, especially in cases raising constitutional questions.").

■ The defendant New Castle County argues that this case is not ripe for decision because the plaintiff has not supplied the information the County requested in their letter of November 3, 1982 concerning the issue of existing use. Consequently, New Castle County argues, the County is unable to make a final determination of the status of plaintiff's application for a certificate of compliance. The County therefore asks this Court to dismiss because the County has made no final determination.

This Court finds the County's argument unpersuasive. Since December of 1978, plaintiff has been attempting to open his adult entertainment center on the premises he leased. The only obstacle that has prevented him from opening are the New Castle County Ordinances that require an adult entertainment center to be more than 500 feet from an area used solely for residential purposes.[2] The plaintiff has continuously claimed it is the unconstitutionality of these ordinances which are at issue.

The defendant contends that the issue of existing use must be resolved before the County can make a final decision. In this vein, the County has asked for further information on the plaintiff's claim of existing use. The County, in either its briefs or oral argument, however, has not been able to specify what further information they would require. The County has numerous

---

2. At this juncture this Court has been presented only with the issue of the 500 foot restriction. None of the parties have indicated that the plaintiff's proposed business would be within 2500 feet of a school, church or other place of worship nor has there been any evidence that the adult entertainment center would be within 1500 feet of a similar business.

times in its letters stated that existing use means open for business. The County is aware that Amico never opened an adult entertainment center at 4010 North DuPont Highway. The plaintiff also admits this to be true. Consequently, if the County has held existing use to mean open for business and both parties agree that Amico's store has never been open for business, no further facts need to be developed. The County will not be able to grant a certificate of compliance.

As further evidence of this, even if existing use meant something less than open for business, plaintiff still would be unlikely to prevail. Even though the Delaware Commission granted the plaintiff a license covering the period from January of 1979 to 1980 retroactively, Amico could not have opened his business during that period because of New Castle County Ord. 23–31(38). In fact, since the plaintiff did not lease the property until 1978, a New Castle County ordinance preventing him from opening has always been in existence. New Castle County does not need further information on the existing use issue because New Castle County is well aware that under its laws it would never have permitted Amico to open an adult entertainment center at 4010 North DuPont Highway.

This discussion makes clear that New Castle County will not grant Amico a certificate of compliance.[3] Therefore, all the issues and facts presently are developed sufficiently for this Court to decide the case. The prudential and practical considerations that are part and parcel of a ripeness inquiry lead this Court to hold that the present case is ripe. Because the plaintiff has standing before this Court and because the issues are ripe for decision, the defendant New Castle County's motion for dismissal on ripeness grounds will be denied.

## ABSTENTION

■ The defendant New Castle County also argues that this Court should abstain from hearing this case on either *Pullman* or *Burford* abstention grounds. Initially, this Court should point out that abstention "is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy before it." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), *quoting County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959).

Since the Supreme Court's decision in *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), federal courts have recognized certain limited situations where, although jurisdiction rests with the court, the court may in its discretion decline to exercise that jurisdiction. In *D'Iorio v. County of Delaware,* 592 F.2d 681 (3d Cir.1978), the United States Court of Appeals for the Third Circuit set out the three factors that must be present in order for the *Pullman* abstention doctrine to apply:

(1) There must be uncertain issues of state law underlying the federal constitutional claims brought in federal court.

(2) The state law issues must be amenable to an interpretation by the state courts that would obviate the need for or substantially narrow the scope of the adjudication of the constitutional claims.

(3) It must appear that an erroneous decision of state law by a federal court would be disruptive of important state policies.

*Id.* at 685–86. The facts in this case clearly do not fit this criteria.

---

**3.** It is possible that New Castle County will ignore all that it has said in Court and in its correspondence with the plaintiff, and will decide to grant Amico a certificate of compliance. If this does occur, plaintiff will have received what he is asking for and this case will not proceed any further. This Court believes, however, the scant possibility that the County will grant a certificate of compliance does not pre-clude this Court from deciding the matter before it. The plaintiff has for four years sought the opportunity to open his business. For four years he allegedly has had his first amendment rights denied. This Court will not delay this matter any further given the County's clear indication of how it will proceed on this application if it ever decides to proceed.

The defendant has not demonstrated that there are any uncertain areas of state law involved. Further, the defendant has not demonstrated that a state court decision on the law in question would obviate the need for a constitutional adjudication. The plaintiff in this case is challenging two New Castle County Ordinances (23–31(38) and 23–33(13)) that require an adult entertainment center to be 500 feet from property used for residential purposes. Neither New Castle County's Opening or Reply Brief mention any possible alternative construction of this statute that might obviate the need for an adjudication of the constitutional issue. At oral argument, the defendant did mention some possible alternative constructions but, after consideration, this Court believes the problems mentioned are either tangential to the issue of the constitutionality of the statute or without merit.[4] It is essential to *Pullman* abstention that defendant demonstrate how a state court's construction of the law at issue could avoid or modify the constitutional question. For example, in *CLR Corporation v. Henline,* 520 F.Supp. 760 (W.D.Mich.1981), a case involving a first amendment challenge to a similar zoning ordinance, the court denied the defendant's motion for abstention because no alternative construction was supplied by the defendant. *Id.* at 762. For this reason, and because abstention, in general, is a doctrine to be applied only in extraordinary circumstances, *see Garden State Bar Ass'n v. Middlesex County Ethics Committee,* 643 F.2d 119, 129 (3d Cir.1981), *Pullman* abstention is inappropriate.

The defendant New Castle County also contends that the principles of abstention set forth in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) also apply in this case. In *Burford,* the State of Texas had developed a complex pattern of regulation over an oil field in East Texas.

Initially the state had concentrated all judicial review of these regulations in a single state court. Concurrent federal jurisdiction over these regulations, however, had created considerable difficulties in enforcement. In light of these difficulties, the Supreme Court held:

> The state provides a unified method for the formation of policy and determination of cases by the Commission and by the state courts. The judicial review of the Commission's decisions in the state court is expeditious and adequate. Conflicts in the interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of the lower federal courts.

319 U.S. at 333–34, 63 S.Ct. at 1107.

Generally federal courts have compared the facts in a particular case to those in *Burford* to ascertain if Burford-type abstention is appropriate. *See Sante Fe Land Improvement Co. v. City of Chula Vista,* 596 F.2d 838, 842 (9th Cir.1979) ("*Burford* abstention, with its resulting dismissal of the action may be limited to those cases, such as *Burford* itself, where the subject matter of the action is also highly complex and unique."). In this case, the Court is not faced with a highly complex and unique area of the law. In fact, the zoning ordinance at issue is quite simple and the issues to be drawn from the ordinance are quite narrow. Further, the federal courts never have used *Burford* abstention to avoid deciding the constitutionality of a narrow land use regulation that is challenged on first amendment grounds. Quite to the contrary, the federal courts consistently have heard these challenges. *See generally Young v. American Mini-Theatres, Inc.,* 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); *Avalon Cinema Corp. v. Thompson,* 667 F.2d 659 (8th Cir.1981); *CLR Corpora-*

---

4. At oral argument, the attorney for New Castle County argued that a state court may determine that the 500 feet limit at issue may be measured in such a way so that Amico's property may not fall within that limit. First, throughout this controversy, both parties have agreed that Amico's property falls well within the 500 feet limit. Second, defendant has not pointed to a single case that would undermine the measuring techniques of both parties. In other words, the County has not demonstrated that any uncertainty exists in state law, nor has the County demonstrated that a state construction of a law so clear on its face may obviate the need for a constitutional determination.

*tion v. Henline,* 520 F.Supp. 760 (W.D.Mich. 1981). *Burford* abstention is clearly inappropriate.

This Court has concluded that the issues in this case are ripe for decision. Further, this Court has determined that neither *Pullman* nor *Burford* abstention are applicable. Consequently, defendant's motion to dismiss is denied. An Order will be entered in accordance with this Opinion.